# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| THOMAS B.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> FRANK BISIGNANO,[2] <br> Commissioner of Social Security, <br><br> Defendant. | No. 24-CV-3036-CJW-KEM <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff Thomas B. seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance (DI) benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Plaintiff argues that the administrative law judge (ALJ) erred by failing to address medical opinions from just outside the relevant time period and previously evaluated by a prior ALJ decision; by rejecting an RFC limitation to one-to-two-step tasks, as supported by the medical opinions; and by failing to obtain evidence from Plaintiff's former employer considered by the Department of Veterans Affairs (VA) in determining Plaintiff's VA disability rating. Plaintiff also moves to remand for the consideration of new evidence. I recommend **reversing** the ALJ's decision and **denying** the motion to remand **as moot**.

## I.   BACKGROUND

Plaintiff graduated high school in 1988 with a grade point average of 1.67,

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Frank Bisignano is substituted for his predecessor in accordance with Federal Rule of Civil Procedure 25(d).

receiving mostly Ds in core subjects. AR 309. He enlisted in the Navy right out of high school and served for three and a half years during the Gulf War. AR 194. He served in the Army from 2005 to 2007 and reenlisted as a squad leader in February 2011. *Id.* While in Afghanistan, he was injured by a roadside bomb explosion in August 2011, effectively ending his service. *Id.*; AR 33, 266. Upon his return stateside, he worked as a laborer through 2013. AR 342. In December 2014, he began working as a host at a casino (Isle Casino), working there until April 2019, when he began working at a different casino (Diamond Jo Casino). *Id.*; *see also* AR 518. He quit in late September 2019 after giving two weeks' notice, citing his "irritability with coworkers and customers, difficulty coping with high stress[,] . . . periodic panic attacks at work, and . . . concentration difficulties." AR 46-47, 86, 518-19. He worked part time (two hours, three times a week) as a boxing fitness instructor at a gym from September to early March 2020, when the COVID-19 pandemic hit. AR 86, 268.

In June 2019, Plaintiff filed a VA form noting he intended to request increased compensation. AR 195. The VA denied his request on November 8, 2019. *Id.* He moved for reconsideration, submitting new evidence that included recent treatment records and a new employment statement from Isle Casino. AR 196. In January 2020, the VA found Plaintiff entitled to individual unemployability benefits (and 70% disabled based on PTSD) effective September 30, 2019, when he last worked. AR 195-99.

Plaintiff filed for DI disability benefits in November 2019 (he had previously filed for disability and been denied in fall 2013). AR 115. An ALJ ultimately denied his claim in December 2020 after a hearing, and the Appeals Council affirmed in March 2021. AR 79-93, 115. As part of the record, the ALJ considered an October 2019 consultative examination by psychologist Williams Stearns, PsyD, from Plaintiff's request for VA benefits (AR 516-24) and a June 2020 opinion from Plaintiff's treating therapist, Muriel Hess, LISW (AR 506-09). Dr. Stearns opined that Plaintiff was not impaired in the ability to "understand and follow instructions"; mildly impaired in the "ability to retain instructions as well as sustain concentration to perform simple tasks";

2

moderately impaired in his "ability to sustain concentration to task persistence and pace," his ability to respond appropriately to changes in the work setting, and his ability to conform behavior and control impulses; and markedly impaired in "his ability to respond appropriately to coworkers, supervisors, or the general public. AR 523-24. In the December 2020 opinion, the ALJ found Dr. Stearns's opinion "partially persuasive regarding some moderate limitations in functioning" but rejected that Plaintiff suffered marked limitations in social functioning. AR 87. The ALJ found "the treatment records did not reflect such significant limitations." *Id.* The ALJ explained that Dr. Stearns observed normal findings on objective examination; and that recent therapy records noted improvement in PTSD symptoms, including anger issues, and reflected Plaintiff "was capable of interacting socially with friends, including attending a birthday party without any issues." *Id.*

Therapist Hess opined that Plaintiff suffered marked and extreme limitations in many categories of social interaction, adaption, and sustained concentration and persistence, including marked limitations in maintaining attention and concentration for extended periods. AR 507-09. She also opined that Plaintiff suffered moderate limitations in understanding, remembering, and carrying out detailed instructions, and mild limitations in understanding, remembering, and carrying out simple instructions; that he would miss work more than 50% of the time; and that his PTSD would interfere with his ability to work more than 20% of the time. *Id.* In the December 2020 opinion, the ALJ found Therapist Hess's treatment notes did not support her opined extreme limitations, as Plaintiff had recently reached all therapy goals and reported decreased PTSD symptoms, and objective examinations revealed normal findings. AR 86-87. The ALJ also noted extreme limitations in functioning were inconsistent with Plaintiff's activities of daily living reflected in both Therapist Hess's treatment notes and function reports submitted by Plaintiff and his sister. *Id.*

Plaintiff filed the current application for DI benefits in July 2023, alleging disability since February 2021 due to "service related PTSD, combat stress, anxiety,

3

[and] depression," as well as physical impairments. AR 115. The Social Security Administration denied Plaintiff's request for benefits on initial review in November 2023 and on reconsideration in January 2024. AR 105-24. As part of those reviews, state agency medical consultants Mark Becker, PhD, and Beverly Westra, PhD, provided medical opinions on Plaintiff's mental RFC. AR 109-11, 120-23.

Plaintiff requested further review. The ALJ (not the same ALJ as previously) held a video hearing in June 2024, at which Plaintiff and a vocational expert (VE) testified. AR 27-28. The ALJ issued a written opinion on July 19, 2024, following the five-step process outlined in the regulations[3] to determine whether Plaintiff was disabled during the relevant time period. AR 11-22. The ALJ found Plaintiff suffered from the severe mental impairments of PTSD and adjustment disorder (in addition to physical impairments). AR 13. To aid in steps four and five, the ALJ determined Plaintiff's residual functional capacity (RFC),[4] finding Plaintiff could perform light work with the following nonexertional limitations:

> He is limited to a moderate noise level environment. He can perform simple tasks with occasional changes in routine with occasional interaction with coworkers, supervisors, and the general public.

AR 16. The ALJ did not evaluate the persuasiveness of Dr. Stearns's or Therapist Hess's RFC opinions. The ALJ relied on VE testimony and found a significant number of jobs existed in the national economy Plaintiff could perform, including retail marker, routing clerk, and photocopy machine operator. AR 22. Thus, the ALJ found Plaintiff not

---

[3] "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security . . . listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." *Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)); *see also* **20 C.F.R. § 404.1520(a)(4)**. The claimant bears the burden of persuasion to prove disability. *Goff*, 421 F.3d at 790.

[4] RFC means "the most that a claimant can do despite her limitations." *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019).

disabled from February 1, 2021, through July 19, 2024, the date of the decision. AR 22-23.

The Appeals Council denied Plaintiff's request for review on August 15, 2024 (AR 1-3), making the ALJ's decision that Plaintiff was not disabled the final decision of the Commissioner.[5] Plaintiff filed a timely complaint in this court (Doc. 1).[6] The parties briefed the issues (Docs. 6, 8, 9) and the Honorable C.J. Williams, Chief District Judge for the Northern District of Iowa, referred this case to me for a report and recommendation.

After briefing was completed, Plaintiff moved to remand for the ALJ to consider new evidence. Doc. 11. Plaintiff submitted (1) the second employer statement from Isle Casino provided in the VA proceedings, reflecting that he believed many people were out to get him and wanted him fired, that he would get upset with guests and coworkers on a weekly basis, and that he would need time to regroup alone or by talking with people he trusted (Doc. 12-1); (2) his September 2019 resignation letter to Diamond Jo casino, in which he noted he was resigning due to his inability to get along with coworkers and customers, to learn the required duties, and to adapt to the high stress nature of the position (Doc. 12-3); and (3) treatment records from Therapist Hess from September 2019 to January 2020 (Doc. 12-2). The Commissioner resists remand (Doc. 13), and Plaintiff filed a reply (Doc. 14).

## II. DISCUSSION

So long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm.[7] "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support

---

[5] *See* **20 C.F.R. § 404.981**.

[6] *See* **20 C.F.R. § 422.210(c)**.

[7] *Grindley*, 9 F.4th at 627; *accord* **42 U.S.C. § 405(g)**.

5

a decision."[8] The court "do[es] not reweigh the evidence or review the factual record de novo."[9] If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision."[10]

### A. Medical Opinions Addressed by Prior ALJ Decision

For claims filed after March 2017 (like Plaintiff's), the ALJ must "evaluate the persuasiveness of medical opinions" by considering certain factors and "explain how [the ALJ] considered the supportability and consistency factors."[11] Plaintiff argues that the ALJ erred by failing to discuss Dr. Stearns's and Therapist Hess's medical opinions issued in October 2019 and June 2020 respectively, prior to his February 2021 alleged onset date. The Commissioner responds that the ALJ did not err by failing to evaluate the persuasiveness of these opinions, since the prior ALJ analyzed them and found them not fully persuasive. The Commissioner argues that res judicata principles bound the ALJ to the prior analysis.

The Commissioner relies on *Hillier v. Social Security Administration*.[12] In that case, the claimant underwent two consultative examinations while a prior application for disability benefits was pending (and prior to her alleged onset date for the new application).[13] The Eighth Circuit recognized:

> Res judicata only precludes subsequent applications for [disability] if the claimant "has not presented any new evidence that her condition changed or deteriorated" since the prior proceeding. New evidence includes both facts and issues that differ from the facts and issues of concern at the prior

---

[8] *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

[9] *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994).

[10] *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

[11] **20 C.F.R. § 404.1520c**.

[12] 486 F.3d 359 (8th Cir. 2007).

[13] *Id.* at 361-62.

6

proceeding, as well as evidence that was not part of the record in the prior proceeding. Especially in the context of a progressive disease or degenerative condition, evidence that is offered as proof of a disability, and not found persuasive by an ALJ in a prior proceeding, may be considered in a subsequent proceeding in combination with new evidence for the purpose of determining if the claimant has become disabled since the ALJ's previous decision.[14]

The court held that the opinion submitted in the prior ALJ proceeding could "'not be reevaluated in'" connection with the new application and could "only be considered 'as a background for new and additional evidence of deteriorating mental or physical conditions occurring after the prior proceeding.'"[15] But the court held the opinion that was "not submit[ted] . . . during the prior proceeding . . . constitutes new evidence," even though it predated the prior ALJ decision and alleged onset date, "and thus res judicata does not bar [its] consideration."[16]

Here, the prior ALJ evaluated the persuasiveness of Dr. Stearns's and Therapist Hess's medical opinions. *Hillier* is directly on point. The ALJ in the current proceedings did not err by failing to address Dr. Stearns's and Therapist Hess's opinions as required by the regulations, because the prior ALJ's persuasiveness evaluation controls under principles of res judicata.

In his opening brief, Plaintiff argues an ALJ must evaluate medical opinions that predate the relevant time period, but he does not recognize that an ALJ had already done so here in a final (binding) decision. In response to the Commissioner's res judicata arguments, Plaintiff continues to argue that if the opinions are exhibited, the ALJ must address their persuasiveness under the regulations—even if the opinions were rejected by

---

[14] *Id.* at 365 (cleaned up) (quoting ***Robbins v. Sec'y of Health & Human Servs.***, 895 F.2d 1223, 1224 (8th Cir. 1990)).

[15] *Id.* (quoting ***Robbins***, 895 F.2d at 1224).

[16] *Id.*

7

a prior ALJ. Plaintiff relies on *Pierce v. Colvin*, a 2016 case from this district.[17] In that case, in connection with a prior application for disability benefits, the state agency consultant on initial review assigned little weight to the opinion of a consultative examiner.[18] The claimant did not appeal the initial denial and instead filed a new application for benefits.[19] The Commissioner argued the ALJ's failure to address the consultative examiner's opinion in connection with the new application for benefits did not constitute reversible error, since res judicata bound the ALJ to the state agency consultant's assessment for the prior application for benefits.[20] Plaintiff responded by arguing that the Social Security Administration "reopened" the prior application.[21] The court stated the parties' arguments were "confusing and unhelpful."[22] The court held that because the ALJ "admitted into the record [the consultative examiner's] opinions as medical evidence," the ALJ "should have addressed" the opinion.[23] The court did not cite *Hillier* or other Eighth Circuit cases discussing res judicata in the Social Security setting. In addition, *Pierce* can perhaps be distinguished as involving a prior state agency decision, rather than a prior ALJ decision.

I recommend finding that the ALJ did not err in failing to discuss medical opinions previously evaluated by an ALJ as part of Plaintiff's prior application for disability benefits.

### B. Some Medical Evidence

The ALJ's RFC determination must be supported by at least some medical

---

[17] No. C15-0072, 2016 WL 4014645 (N.D. Iowa July 26, 2016).

[18] *Id.* at *7.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

evidence from a medical professional that "addresses the claimant's ability to function in the workplace."[24] An ALJ may not "play doctor" and "substitute his opinions for those of the physician[s]."[25] Plaintiff argues that the ALJ improperly substituted his lay opinion for that of the medical professionals by rejecting an RFC limitation to work involving only one- to two-step tasks, which Plaintiff argues is supported by all the medical opinions.

The state agency consultants (Drs. Becker and Westra) completed a form opining that Plaintiff was moderately limited in his ability "to maintain attention and concentration for extended periods," respond to changes at work, and "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" (and not limited in his ability to understand, remember, and carry out short and simple instructions). AR 109-11, 120-23. Based on these limitations, they concluded that Plaintiff would be "able to remember and complete at least 1-2 step commands with moderate disruption to concentration, persistence and pace in a setting with limited social demand." *Id.*

The ALJ found these opinions "largely persuasive," supported, and consistent with the record evidence. AR 19-20. The ALJ rejected the limitation to one- to two-step tasks, however, stating:

> [T]he specific limitation[] as to steps . . . [is] not entirely supported. The examination findings, course of treatment, and continued functioning do not support the degree of limitations to 1 to 2 step tasks.

*Id*. The ALJ did not elaborate on this conclusion.

Plaintiff argues that the other medical opinions of record are consistent with those

---

[24] *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (quoting *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001)).

[25] *Combs v. Berryhill*, 878 F.3d 642, 647 (8th Cir. 2017) (quoting *Pate–Fires v. Astrue*, 564 F.3d 935, 946-47 (8th Cir. 2009); *Finch v. Astrue*, 547 F.3d 933, 938 (8th Cir. 2008)).

9

of the state agency consultants, rendering the ALJ's failure to include a one- to two-step task limitation unsupported. Plaintiff underwent a consultative examination in November 2023 with psychologist Robert Joneson, Phd. AR 597-600. Dr. Joneson concluded that Plaintiff's "ability to persist in job related activities and remain focused and goal-directed in an employment setting is likely diminished due to the frequency of his intrusive thoughts and dissociative experiences" and that these symptoms would interfere with his ability to secure and maintain employment. AR 600. The ALJ found this opinion "unpersuasive as unsupported and inconsistent with the record," as there "is minimal objective evidence to support the degree of extreme limits inferred by the conclusive statements." AR 18-19. The ALJ noted Plaintiff was cooperative with the psychologist, and the psychologist's opinions were "not consistent with the denials of mental health difficulties at his annual examinations and assessments of stable functioning." AR 19.

The only other medical opinions in the record evaluating Plaintiff's mental functional limitations were from Dr. Stearns and Therapist Hess and not discussed by the ALJ (as these opinions had been considered in connection with Plaintiff's prior application for disability benefits). AR 506-09, 516-24. In any event, these providers found Plaintiff suffered at least moderate limitations in the same categories found by the state agency consultants. *Id.*[26]

I agree with Plaintiff that the medical opinions of record are consistent in

---

[26] Therapist Hess used the same form as the state agency consultants, indicating marked limitation in the ability to maintain attention and concentration for extended periods, and extreme limitations in the abilities to respond to changes at work and to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. AR 507-08. Dr. Stearns's phrasing was slightly different: he found moderate limitations in Plaintiff's abilities "to sustain concentration to task persistence and pace" and to "respond appropriately to changes in the work setting," and marked limitations in his ability "to conform behavior and control impulses." AR 523-34.

recognizing Plaintiff's limitations in concentration, persistence, and pace,[27] and the only medical opinions considered by the ALJ—those of the state agency consultants and of Dr. Joneson—support greater limitations in the RFC than found by the ALJ. The Commissioner emphasizes that the state agency consultants found that Plaintiff could "at least" perform one- to two-step tasks, suggesting they might have believed he could perform work requiring additional steps as well. Unfortunately, their opinions do not make this clear, and it is just as likely they believed it questionable that he could perform multistep work and decided not to address the issue.

    I have previously recognized that "[t]he ALJ may not impose fewer limitations than found in all the medical-opinion evidence and thereby formulate his own medical opinion."[28] Here, although the ALJ stated that the state agency consultants' limitation to one- to two-step tasks was unsupported by and inconsistent with the record, the ALJ did not explain this finding. Elsewhere in the opinion, the ALJ noted the claimant suffered moderate limitations in concentrating, persisting, or maintaining pace, but emphasized his activities of daily living—performing household chores for three hours per day, working out at the gym daily, and driving—showed his ability to concentrate and maintain pace. AR 15. In discussing Plaintiff's RFC (and concluding he could perform simple tasks with occasional changes in routine), the ALJ noted at annual examinations, Plaintiff reported his mental health symptoms were tolerable with talk therapy without medications, and providers noted his PTSD was stable or well-controlled. AR 17-18.

---

[27] The Commissioner argues that Dr. Stearns and Therapist Hess's medical opinions do not support a limitation to one- to two-step tasks, because they found Plaintiff suffered at most mild limitations in understanding, remembering, and carrying out simple instructions. AR 507, 523-24. So too did the state agency consultants. AR 110, 121. Their limitation to one- to two-step tasks appears related to other limitations in the category of sustained concentration and persistence, rather than with understanding and memory.

[28] *Hall v. Saul*, No. 19-CV-3019-LTS-KEM, 2020 WL 5229539, at *6 (N.D. Iowa May 27, 2020) (collecting cases), *report and recommendation adopted,* 2020 WL 3121226 (June 12, 2020) (clear error review).

The ALJ acknowledged Plaintiff reported being unable to remember anything in October 2023 but found this inconsistent with the normal objective examination at that appointment, including grossly intact memory. AR 18. But the ALJ did not discuss Therapist Hess's treatment records at all, which reflect Plaintiff's difficulty adjusting to civilian life after the military, social avoidance and anxiety, and high sensitivity and triggers. *See, e.g.*, AR 605-47.

I recommend finding that some medical evidence does not support the ALJ's RFC determination.[29]

### C. Failure to Develop the Record

A claimant bears the burden of persuasion to prove disability and to demonstrate her RFC.[30] Despite this burden on the claimant, an ALJ must fairly and fully develop

---

[29] *See Lauer*, 245 F.3d at 704-06 (holding that "the ALJ was required to consider at least some supporting evidence from a [medical] professional" and erred by formulating a mental RFC with only social limitations when both the treating psychiatrist and psychological consultative examiner imposed additional mental limitations, and no other medical opinions addressed the effects of plaintiff's mental impairments found by the ALJ); *Peterson v. Colvin*, No. C14-4110-LTS, 2016 WL 1611480, at *11 (N.D. Iowa Apr. 21, 2016) (holding that no medical evidence supported the ALJ's RFC finding that the claimant could sit or stand for thirty minutes at a time when "no medical source or other source provided an opinion that [claimant] can sit or stand for more than 15 minutes at once"); *cf. Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016) (some medical evidence supported the ALJ's RFC determination when it incorporated some limitations found by the treating source and some limitations found by the state agency consultants); *Kamann v. Colvin*, 721 F.3d 945, 948-51 (8th Cir. 2013) (some medical evidence supported the ALJ's RFC finding when it was consistent with the state agency consultant's opinion); *Stormo v. Barnhart*, 377 F.3d 801, 806-807 (8th Cir. 2004) (same); *Anderson v. Shalala*, 51 F.3d 777, 779-80 (8th Cir. 1995) (same); *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023-24 (8th Cir. 2002) (some medical evidence supported the ALJ's RFC finding when it was consistent with the consultative examiner's opinion); *Strongson v. Barnhart*, 361 F.3d 1066, 1070-72 (8th Cir. 2004) (same).

[30] *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

the record.[31] To warrant remand, however, the lack of evidence must be "unfair or prejudicial."[32]

For claims filed after March 27, 2017, the ALJ need "not provide any analysis" about "a decision made by any other governmental agency" (like the VA) "about whether [the claimant is] disabled . . . or entitled to any benefits."[33] The ALJ must "consider," however, "all of the supporting evidence underlying the other governmental agency['s] . . . decision that [the Social Security Administration] receive[s] as evidence."[34]

Plaintiff argues the ALJ erred by failing to develop the record to obtain statements from his former casino employers submitted in connection with the VA disability determination. AR 195. The VA decision reflects it considered "VA Form 21-4192" submitted by both Isle Casino and Diamond Jo Casino, Plaintiffs' former employers. *Id.* Plaintiff argues that the employer forms were highly relevant to the VA's disability decision. The VA initially denied Plaintiff's request for individual unemployability, then reconsidered that decision based on new evidence. AR 194-95. As part of its initial decision, the VA had forms from both Isle Casino and Diamond Jo Casino, as well as a copy of Plaintiff's resignation letter to Diamond Jo Casino. *Id.* The new evidence the VA considered on reconsideration included an updated form from Isle Casino, as well as additional treatment records and third-party statements. *Id.*

The Commissioner argues VA Form 21-4192 asks the employer only for payment records, start and end dates, hours, type of work performed, and reasons for

---

[31] ***Snead v. Barnhart***, 360 F.3d 834, 838 (8th Cir. 2004); *see also* ***Cox v. Apfel***, 160 F.3d 1203, 1209 (8th Cir. 1998) (finding the ALJ did not properly develop the record when it clearly lacked relevant medical records).

[32] ***Snead***, 360 F.3d at 839 (quoting ***Shannon v. Chater***, 54 F.3d 484, 488 (8th Cir. 1992)).

[33] **20 C.F.R. § 404.1504**.

[34] ***Id.***

13

termination.[35] The Commissioner ignores that the form includes a space for the employer to note "concessions (if any) made to employee by reason of . . . disability," as well as a general space for remarks.[36] In addition, as the Commissioner acknowledges, the VA's decision described the employer statements as "both indicat[ing] continued issues with concentration and work performance, while having difficulty with learning new job skills and abilities." AR 196.

In *Rudd v. Kijakazi*, the District of North Dakota held the ALJ did not commit reversible error in failing to develop the record to obtain employer statements submitted in connection with VA disability proceedings.[37] The court emphasized, however, that the VA decision did "not identify those documents as having impacted its disability determination" and instead relied exclusively on a medical opinion that was in the record and considered by the ALJ.[38] The court also noted the claimant did "not describe the content or those documents or any impact they might have had on the ALJ's decision."[39]

Here, I have already found the ALJ's RFC determination was not supported by "some medical evidence," based on the ALJ's failure to include a greater RFC limitation related to concentration, persistence, or pace supported by the medical opinions. It appears the employer statements might also have contained information relevant to this determination.

Because I am already recommending remand, I do not need to decide whether this issue, standing alone, would require remand. Plaintiff's counsel has since obtained the employer statements from the VA proceedings (*see* Docs. 12-1, 12-2, 12-3) and may

---

[35] **VA Form 21-4192**, *Department of Veterans Affairs*, https://www.vba.va.gov/pubs/forms/VBA-21-4192-ARE.pdf (last accessed Aug. 20, 2025).

[36] *Id.*

[37] No. 3:21-cv-49, 2022 WL 5180405, at *5 (D.N.D. Aug. 22, 2022).

[38] *Id.*

[39] *Id.*

submit them as evidence on remand. I do not find that the ALJ needs to develop the record to obtain any additional evidence from the VA proceedings beyond what is submitted by Plaintiff on remand.

### III. CONCLUSION

I recommend **reversing** the Commissioner's decision and remanding for further proceedings. I recommend **denying** Plaintiff's motion to remand under sentence six (Doc. 11) **as moot**.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[40] Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[41]

**DATED** August 22, 2025.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa

---

[40] **Fed. R. Civ. P. 72**.

[41] *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).