# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| THOMAS B.,[1] | No. 24-CV-3036-CJW-KEM |
| Plaintiff, | |
| vs. | **ORDER** |
| FRANK BISIGNANO,[2] Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

This case is before the Court on an August 22, 2025 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 15). Judge Mahoney recommends that the Court reverse and remand the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Thomas B.'s ("Claimant")[3] application for disability insurance ("DI") benefits. Neither party has objected to the R&R. The deadline for such objections has expired. For the reasons stated below, the Court **accepts** Judge Mahoney's R&R without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Frank Bisignano is substituted for his predecessor in accordance with Federal Rule of Civil Procedure 25(d).

[3] The Court prefers in social security cases to refer to plaintiffs as "claimants" because it is more descriptive of their role in seeking benefits from the government. Judge Mahoney prefers "plaintiff." The terms are interchangeable in the case law, and in this order.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit explains the standard as "'something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal.'" *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Bland v. Bowen*, 861 F.2d 533, 535 (8th Cir.1988)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [Administrative Law Judge], but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum.*

2

*Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). As noted, however, the court does not "reweigh the evidence presented to the [Administrative Law Judge]," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), nor does it "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

3

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the pertinent facts and procedural history of this case. (Doc. 15, at 1-5). In short, claimant was a former member of the armed services who was injured by a roadside bomb explosion in August 2011. Thereafter, he worked in various capacities but ultimately was unsuccessful due to Post Traumatic Stress Disorder ("PTSD") and other problems. Claimant unsuccessfully sought disability income benefits more than once, most recently in 2023. As Judge Mahoney summarized:

> The ALJ found Plaintiff suffered from the severe mental impairments of PTSD and adjustment disorder (in addition to physical impairments). AR

> 13. To aid in steps four and five, the ALJ determined Plaintiff's residual functional capacity (RFC), finding Plaintiff could perform light work with the following nonexertional limitations:
> > He is limited to a moderate noise level environment. He can perform simple tasks with occasional changes in routine with occasional interaction with coworkers, supervisors, and the general public.
>
> AR 16. The ALJ did not evaluate the persuasiveness of Dr. [William] Stearns's or Therapist Hess's RFC opinions. The ALJ relied on VE testimony and found a significant number of jobs existed in the national economy Plaintiff could perform, including retail marker, routing clerk, and photocopy machine operator. AR 22. Thus, the ALJ found Plaintiff not disabled from February 1, 2021, through July 19, 2024, the date of the decision. AR 22-23.

(Doc. 15, at 4-5 (footnotes omitted)). Claimant filed suit in this Court seeking review of the Commissioner's decision. After briefing was completed, claimant moved to remand for the ALJ to consider new evidence. (Doc. 11). Claimant submitted (1) the second employer statement from Isle Casino provided in the VA proceedings, reflecting that he believed many people were out to get him and wanted him fired, that he would get upset with guests and coworkers on a weekly basis, and that he would need time to regroup alone or by talking with people he trusted (Doc. 12-1); (2) his September 2019 resignation letter to Diamond Jo casino, in which he noted he was resigning due to his inability to get along with coworkers and customers, to learn the required duties, and to adapt to the high stress nature of the position (Doc. 12-3); and (3) treatment records from Therapist Muriel Hess from September 2019 to January 2020. (Doc. 12-2).

## IV. DISCUSSION

Claimant argued that the ALJ erred by (1) failing to discuss Dr. Stearns's and Therapist Hess's medical opinions issued in October 2019 and June 2020; (2) improperly substituting his lay opinion for that of the medical professionals by rejecting an RFC

5

limitation to work involving only one- to two-step tasks; and (3) failing to develop the record. The Court will address each claimed error in turn.

As to the first claim, claimant argued that the ALJ erred by failing to discuss Dr. Stearns's and Therapist Hess's medical opinions issued in October 2019 and June 2020 respectively, prior to his February 2021 alleged onset date. The Commissioner responded that the ALJ did not err by failing to evaluate the persuasiveness of these opinions, since the prior ALJ analyzed them and found them not fully persuasive. The Commissioner also argued that res judicata principles bound the ALJ to the prior analysis. Judge Mahoney sided with the Commissioner here, finding the prior ALJ evaluated the persuasiveness of Dr. Stearns's and Therapist Hess's medical opinions, and thus the ALJ in the current proceedings did not err by failing to address their opinions, under principles of res judicata, and distinguishing the authority upon which claimant relied. (Doc. 15, at 7-8). The Court concurs with Judge Mahoney's reasoning and analysis here and finds that res judicata made re-evaluation of the opinions unnecessary and inappropriate. Thus, the Court rejects claimant's challenge under his first claimed error.

As for claimant's second claim, he asserts the ALJ improperly substituted his own opinion for that of the medical professionals by rejecting an RFC limitation to work involving only one- to two-step tasks, which claimant argued was supported by the medical opinions. As Judge Mahoney summarized:

> The state agency consultants (Drs. Becker and Westra) completed a form opining that claimant was moderately limited in his ability "to maintain attention and concentration for extended periods," respond to changes at work, and "complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" (and not limited in his ability to understand, remember, and carry out short and simple instructions). AR 109-11, 120-23. Based on these limitations, they concluded that Plaintiff would be "able to remember and complete at

6

> least 1-2 step commands with moderate disruption to concentration, persistence and pace in a setting with limited social demand." *Id*.
>
> The ALJ found these opinions "largely persuasive," supported, and consistent with the record evidence. AR 19-20. The ALJ rejected the limitation to one- to two-step tasks, however, stating:
>> [T]he specific limitation[ ] as to steps . . . [is] not entirely supported. The examination findings, course of treatment, and continued functioning do not support the degree of limitations to 1 to 2 step tasks.
>>
>> *Id*. The ALJ did not elaborate on this conclusion.

(Doc. 15, at 9). Plaintiff also argued, and Judge Mahoney found, that other medical opinions in the record supported the limitation to 1 to 2 step tasks. (*Id.*, at 9-11). Ultimately, Judge Mahoney found the ALJ did not sufficiently explain the basis for his finding, and recommends finding that some medical evidence does not support the ALJ's RFC determination. (*Id.*, at 11-12). The Court agrees for all the reasons Judge Mahoney carefully and concisely set out.

Last, claimant argued the ALJ erred by failing to develop the record to obtain statements from his former casino employers submitted in connection with the VA disability determination. (Doc. 15, at 13). Judge Mahoney already found the ALJ's RFC determination was not supported by "some medical evidence," based on the ALJ's failure to include a greater RFC limitation related to concentration, persistence, or pace supported by the medical opinions. Judge Mahoney noted that "the employer statements might also have contained information relevant to this determination." (*Id.*, at 14). Judge Mahoney reasoned:

> Because I am already recommending remand, I do not need to decide whether this issue, standing alone, would require remand. Plaintiff's counsel has since obtained the employer statements from the VA proceedings (*see* Docs. 12-1, 12-2, 12-3) and may submit them as evidence on remand. I do not find that the ALJ needs to develop the record to obtain any additional evidence from the VA proceedings beyond what is submitted by Plaintiff on remand.

7

(*Id.*, at 14-15). The Court concurs with Judge Mahoney's findings and conclusions.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 15) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Mahoney's recommendation:

   a. The Commissioner's determination is **reversed**, and this matter is **remanded** to the Commissioner under sentence six of Section 405(g) for further proceedings consistent with this order and Judge Mahoney's R&R.

**IT IS SO ORDERED** this 23rd day of September, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa